# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

GEORGE E. TOLEFREE                                                              PETITIONER
ADC #121114

V.                                        NO. 5:14CV00091 KGB/JTR

RAY HOBBS, Director,                                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Kristine G. Baker. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of

your objections must be received in the office of the United States District Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may

result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, and an Amended Petition, filed by George E. Tolefree, an inmate in the Arkansas Department of Correction. *Docs. 2 & 7.* Respondent has filed two Responses, *Docs. 5 & 10*, and Petitioner has filed two Replies, *Docs. 8 & 11*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the procedural history of the case.

On September 4, 2007, Petitioner entered a guilty plea, in Ashley County Circuit Court, to one count of rape. He was sentenced to 180 months of imprisonment, followed by an additional 60-month suspended imposition of sentence. *Doc. 5-2.*

On June 7, 2013, Petitioner filed a *pro se* petition for writ of habeas corpus in Lee County Circuit Court.[1] *Doc. 5-3.*

On August 7, 2013, the Lee County Circuit Court entered an order denying the petition. *Doc. 2,* at 35-36. Petitioner appealed. *Id.* at 37.

On January 23, 2014, the Arkansas Supreme Court affirmed the circuit court's order denying relief. *Tolefree v. State*, 2014 Ark. 26 (*per curiam*) (*Doc. 5-6*). The Court held that, because Petitioner "did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction," as required by well-established Arkansas law, he had failed to "establish a basis for a writ of habeas corpus to issue." *Id.* at *4-*5.

On March 3, 2014, Petitioner initiated this *pro se* § 2254 habeas action. In his

---

[1]He argued that: (1) he did not make a voluntary, knowing and intelligent waiver of his right to counsel; (2) the charging information was deficient with regard to his status as a habitual offender; (3) he was not informed of the minimum and maximum punishments for the crime to which he pleaded guilty, as required by the Arkansas rules of criminal procedure; and (4) his sentence was illegal.

habeas papers, he argues:

> (1)     He did not voluntarily, knowingly and intelligently waive his right to "constitutionally adequate" counsel in connection with entry of his guilty plea;

> (2)     The information by which he was charged was defective because it did not state that he was charged as an habitual offender;

> (3)     He was illegally sentenced as an habitual offender;

> (4)     The trial court did not comply with the state rules of criminal procedure; and

> (5)     He was denied assistance of counsel in his state post-conviction proceedings.

*See Docs. 2, 7, 8 & 11*.

Respondent argues that: (1) all of Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas petitions; (2) Petitioner waived any non-jurisdictional defects by entering a guilty plea; (3) Claims 2 and 4 are not cognizable federal habeas claims; and (4) all of Petitioner's claims are procedurally barred due to his failure to properly raise them in state court. *Docs. 5 & 10*.

For the reasons discussed below, the Court recommends that the Petition be denied as untimely.[2]

## II. Discussion

---

[2]Thus, the Court need not address Respondent's other arguments for dismissal.

4

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's Judgment and Commitment Order was filed with the Ashley County Circuit Court on September 5, 2007.[3] *Doc. 5-2.* Because he entered an unconditional guilty plea, Petitioner waived his right to appeal under Arkansas law. *See* Ark. R. App. P.-Crim 1(a). Thus, for purposes of § 2244(d)(1)(A), his conviction was "final" on September 5, 2007. From that date, Petitioner had one year, until September 5, 2008, to file this federal habeas action.

Petitioner initiated this action on March 3, 2014, almost six years *after* the expiration of the one-year statute of limitations.[4]

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). However,

---

[3] *See Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk).

[4] Although the Clerk of Court received and file-stamped Petitioner's § 2254 Petition on March 13, 2014, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if "deposited in the institution's internal mailing system on or before the last day for filing"). The Court has assumed that Petitioner placed his Petition in the prison mailing system on March 3, 2014, the day he signed his Petition. *Doc. 2, at 9.*

Petitioner's state habeas petition had no tolling effect because it was filed *after* the statute of limitations had already run. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

To excuse his untimeliness, Petitioner argues that a "state-created impediment prevented him from filing" this § 2254 action until the United States Supreme Court decided *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). He argues that the two cases "created" an expanded exception to the procedural default doctrine, and thus have "belatedly ... given prisoners a chance to have federal courts to entertain substantial ineffective-assistance-of-trial-counsel claims" that would otherwise be barred from federal habeas review. Finally, Petitioner argues that *Martinez* and *Trevino* entitle him to equitable tolling of the limitations period. *Docs. 2, at 8; 7, at 3; 8, at 2-3; 11, at 5-6.*

In some circumstances, the one-year limitations period begins to run later than the date the state judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). In this case, the only two arguably applicable such limitations periods are as follows: (1) "the date on which the impediment to filing [a § 2254] application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," *id.* § 2244(d)(1)(B); or (2)

"the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *id.* § 2244(d)(1)(C).

Petitioner cannot rely on *Martinez* and *Trevino* to avail himself of § 2244(d)(1)(B) or (d)(1)(C). In *Martinez* and *Trevino*, the Court narrowly proscribed the circumstances under which lack of counsel, or ineffective assistance of counsel, at the initial step of state post-conviction review could establish "cause" to excuse a habeas petitioner's procedural default of a claim that his trial counsel rendered ineffective assistance. Nothing in the holdings in either case provides a basis for excusing a prisoner's compliance with the one-year statute of limitations for filing a § 2254 habeas action in federal court. *See Arthur v. Thomas*, 739 F.3d 611, 628-31 (11th Cir. 2014) (holding that "the reasoning of the *Martinez* rule does not apply to ... [the one-year] limitations period in § 2254 cases or any potential tolling of that period"), *petition for cert. filed June 5, 2014*.

Furthermore, in *Martinez*, the Court expressly *declined to hold* that there is a constitutional right to counsel in initial-review state post-conviction proceedings. *Martinez*, 132 S. Ct. at 1315, 1319-20; *Arthur*, 739 F.3d at 629 (explaining that "the *Martinez* rule is not a constitutional rule but an equitable principle"). Thus, the State's failure to provide counsel in such proceedings could not amount to an

unconstitutional, state-created "impediment" to the filing of a federal habeas action under § 2244(d)(1)(B), or the violation of a "newly recognized" constitutional right under § 2244(d)(1)(C).

Finally, *Martinez* and *Trevino* do not provide a basis for equitably tolling the one-year limitations period. A petitioner may be entitled to equitable tolling if he shows: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

Petitioner took no action whatsoever in state court for *six years* following entry of his guilty plea. This simply does *not* show diligence, as required by *Holland*. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five more months after his post-conviction proceedings became final before seeking federal habeas relief).

In addition, courts have uniformly held that, although *Martinez* and *Trevino* changed the law regarding federal habeas review of *procedurally defaulted* claims, the decisions do not constitute an "extraordinary circumstance" warranting equitable tolling of the one-year statute of limitations for filing a timely § 2254 habeas action. *See Arthur*, 739 F.3d at 631, 633; *Parkhurst v. Wilson*, 525 F. App'x 736, 738 (10th

Cir. 2013) (habeas petitioner's "recent discovery of a relevant legal defense" based on *Martinez*, does not provide a basis for equitable tolling); *Smith v. Hobbs*, 2014 WL 2718698, at *2 (E.D. Ark. May 15, 2014) (*Martinez* holding is not an extraordinary circumstance that would justify equitable tolling; "[w]hether a claim is procedurally defaulted is a completely distinct question from whether it is barred by the ... statute of limitations").[5]

Accordingly, all of Petitioner's habeas claims are time-barred.


### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, and Amended Petition, *Docs. 2 & 7*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases

---

[5]*See also, e.g., Bracey v. Sec'y, Dep't of Corr.*, 2014 WL 2882918, at *2 (M.D. Fla. June 25, 2014) (*Martinez* does not afford "relief from a finding that [a] petition is untimely, ... as opposed to providing a basis for overcoming a procedural default of a claim in an otherwise timely petition"); *Stevenson v. Wallace*, 2014 WL WL307085, at *5 (E.D. Mo. Jan. 28, 2014) (no equitable tolling because *Martinez* "does not amount to such a radical change in law" as to constitute an extraordinary circumstance); *Chambers v. Medina*, 2012 WL 4478984, at *5 (D. Colo. Sept. 28, 2012) ("[N]othing in *Martinez* demonstrates the existence of any extraordinary circumstances sufficient to justify equitable tolling of the one-year limitation period.").

in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS 6th DAY OF October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE